Good morning to all. So you today Judge Brasher and I are here in person and we are always fortunate to have with us Judge Ed Karnes who is joining us remotely. We are going to be hearing three cases today. The first case is Iriele v. Richard Griffin 21-12570. Sydney Jackson for the appellant has reserved five minutes for rebuttal and then after that we'll hear from Mr. Morton. Sydney Jackson if you're ready to go. Thank you. Sydney Jackson Good morning, Your Honor. May it please the court. I'm Sydney Jackson and I'm here on behalf of the estate of Rosemary Ofume and the executor of that estate, Grant Iriele. I'm here to ask this court to reverse and remand the lower court's decision which dismissed the case without prejudice but after the statute of limitations had run in the lower action. I'm also here to ask you not necessarily to do away with the quote-unquote nullity rule that the lower court relied on but to recognize that it does serve an important purpose but to establish precedent that there could be limited exceptions to this nullity rule and not necessarily an automatic dismissal and then label everything void ab initio the way it was done in the case below. Situations like that go against a very strong policy of adjudicating cases on the merits, of the preference of adjudicating cases on the merits instead of getting rid of them based on a technicality and it also ultimately punishes the estate or whoever it is that's being represented by this unlicensed counsel which again of the strong policy of having these cases heard on the merits and then punishing the individuals that these rules are designed to protect. For example, in our case, Grant Iriele as executor of the estate will no longer be able to bring his case forward because the case was dismissed after the statute of limitations. Indeed, this nullity rule was used against him in preventing him from ever presenting his case before the court again to be heard on the merits even though he had absolutely no choice but to do what he did in terms of filing the estate's complaint, pro se, on March 20th of 2020. He had to do so because he was dropped by his attorneys, his previous counsel, three weeks before that statute of limitations had run. Now, I'd just like to note to the court that during this time, late February 2020, of course, was the very beginning of the coronavirus pandemic. Everything pretty much shut down. At that point in time, Mr. Iriele then had three weeks to find counsel to represent him in a court of law against the government on a very complex wrongful death action against the United States. You said that you're not challenging the nullity rule or the application of the nullity rule in this case. Are you also not challenging the fact that the district court's ruling that Mr. Iriele could not serve as the representative of the estate? No, Your Honor. Well, I am challenging. I don't think the judge said that he couldn't be the representative of the estate, if I understand Your Honor's question correctly. Pro se representative. You're not challenging that piece, correct? No, I am challenging that piece in that what I'm asking is that the court recognize under limited circumstances that it doesn't have to necessarily be void ab initio, but instead, similar to courts across the country, including the Seventh Circuit, create a limited set of facts, factors that the court could look at on a case-by-case basis to determine whether or not dismissal is warranted, particularly if that dismissal is going to be after the statute of limitations, which then prevents that estate or whoever has an interest in the estate from ever hearing the case on the merits before the court again. Why shouldn't we, as the district court did, follow the lead of the Eighth Circuit in Jones X. Rel. Jones? I think that, again, looking at the Seventh Circuit, Judge Klozner's opinion, and also other courts that have since followed his lead, makes more sense in that it asks the court to look at the cases under the strong policy of looking at them on the merits and not necessarily being so rigid, getting rid of the cases and essentially punishing that person based on the actions of that unlicensed representative that brought the case before the court. There's other penalties that could be made instead of dismissing it and then barring that suit. For example, the unlicensed representative could perhaps get a penalty from the court. They could perhaps, you know, be informed that they need to get counsel to make an appearance on the case, and the case could be stayed. It doesn't necessarily have to be— You know, usually it's someone who's a business owner trying to represent their own business, and the district court says, you can't represent your own business, I'm giving you three months or whatever to find counsel, and if you don't find counsel, I'll dismiss it. Right? That's the usual way. Your Honor, that's exactly what I'm saying, and most of the courts do that. They give them time, but in some situations, for example, with ours, that statute of limitations has run— Well, it didn't even matter for yours because the district court, you found—I mean, he found counsel. So, I mean, the district court never got involved until after he found counsel. That's exactly right. They found counsel. They cured this defect that had taken place. I made an appearance on the case, filed an amended complaint, included new claims against the United States, made sure everything was done properly, and then about three months after the fact, the district court, sua sponte, decided to dismiss the case. But at that point, the statute of limitations had run, and actually, when I made an appearance on the case, the statute of limitations had not run. So, it's that sort of that fine line there, well, you know, we'll be fine, you know, and be happy to refile a new complaint, if that's what's necessary, without necessarily punishing the estate for something that the person really had no idea what that was. Counsel. I'm sorry? Let me ask you this question, counsel. The amended complaint is, look carefully on it, and I can't find except in the adjective in the title, the word amended, that it's an amended complaint. It looks like a brand new complaint. Did you ever consider, you knew the problem, did you ever consider voluntarily dismissing the previous complaint and just filing this as a new complaint? I did not. Had the defendant at that time filed a responsive plea? No, your honor. In fact, no defendants at all have made an appearance on the case whatsoever. So you could have dismissed, you could have dismissed the initial complaint voluntarily, without prejudice, and then filed this complaint and just struck the word amended off of it and you would have been fine. That's correct, your honor. And that's another thing that pains me. That simple word amended is the only thing that was different about the complaint. And essentially, what we're saying is that if I filed a complaint, you know, a new complaint, without that amended word on it, then everything would be perfectly fine. Well, I'm not sure. That's a whole different level of metaphysics. If you had one complaint out there and filed another one without dismissing the first one. I'm saying with brilliant clarity of hindsight, if you had dismissed the first one voluntarily, without prejudice, which you could do since they hadn't appeared, and then struck the word amended off this one, you would have been without problem. But and you've answered my question. It just, you just didn't know that it was going to all unwind like this. That's correct, your honor. Can I ask you a question about that? Okay. I mean, Judge Carnes raises an interesting idea. Under the district court's rule, you wouldn't have even had to dismiss the complaint, right? Because the district court's rule is that it's a nullity and it's like it never even happened. That's correct, your honor. So, I mean, I guess I'm trying to figure out how, if you had tried to do that, let's say, you had filed a motion to voluntary dismiss, it seems like the district court would have denied that, maybe? Because there was no complaint to voluntary dismiss? I'm just trying to play this out in my head. Possibly, your honor. Of course, I don't know what Judge Kluger would have decided at that time. Right. However, no appearance from any defendants had been made. You know, no one had even answered the pleadings. The pro se representative of the estate had no involvement with any opposing counsel or anything like that. There was absolutely no harm or prejudice done to any party. And again, the trend today is across multiple states and also federal courts to recognize that that nullity rule is far too rigid and is far too punishing on the unwary litigant. And instead, what they've done is carved out certain factors that trial courts should look at on a case-by-case basis. In fact, this court, and the Supreme Court as well, has said multiple times that every rule has an exception. Yeah. Look, I mean, I guess, so here the issue, I think, is what to do with the amended complaint that you filed, right? I mean, you're not here trying to get us to reinstate the initial complaint. You're trying to get us to just reinstate the amended complaint. That's correct, your honor. So, if we were to say, look, whatever, the guy filed this initial complaint, that was not good enough, that really wouldn't answer the question of whether your amended complaint is good enough. I'm not sure I'm following you. Yeah, I guess I'm saying even if the initial complaint was a nullity, does that necessarily answer the question of whether your amended complaint is sufficient to start a lawsuit? I don't think so, your honor. And the reason why I say that is because, again, this question has been raised, and a really good analysis was done on this by the Supreme Court of Pennsylvania in 2021 in Bisher v. Lehigh Valley. It's 265A3D387. I believe that's 387. I can't read my handwriting that well. But in that case, the Supreme Court of Pennsylvania did a very good analysis, relying also on Posner's opinion and other states and federal courts that have started to make the nullity rule less rigid and essentially address the matter of subject matter jurisdiction. And in that case, relying on Posner's language and NRAE IFC Credit Court, they determined that subject matter jurisdiction is about competence of the court to hear and decide a case. You know, this isn't about subject matter jurisdiction, right, though? I mean, because, I mean, you can amend, even if I file a complaint and I say, this complaint is filed on behalf of two citizens of the same state and is under $75,000, that would not be sufficient to raise the district court's subject matter jurisdiction. But I could still go back and amend those allegations, right? Absolutely. I could do that all the way up to appeal. I could amend those allegations. And, of course, the rules are quite liberal in allowing amendments to the defective pleadings. Yes, I will. Mr. Jackson, I think, I think Judge Brasher has thrown you a lifeline and you're trying to throw it back to him. He's suggesting, OK, fine, pick one. Either the first complaint was null and void and can't be amended or it wasn't. And if the first complaint was null and void, you use the conclusive return, then the second complaint is fine. It has one word in it, a straight word, amended. That's exactly right. But if you had filed, if you had filed the day before the statute of limitations ran, the complaint you filed, which covers all the previous claims plus and the two FTCAs, and said and labeled it amended complaint and there had never been another complaint before it. Nobody would throw that out. I agree. They would either disregard a typo or they would tell you to strike that, file a new plea. I don't see why that's not an elegantly simple solution to the problem unless the idea is, no, you said amended. So there's got to be something there to amend. But we can ask Mr. Borden for that. But when you get back up, I wouldn't throw that one away yet. If I were you. I agree, Your Honor. All right. Thank you. Thank you, Mr. Jackson. You have five minutes for rebuttal. Mr. Borden. May it please the Court. My name is Tom Borden and I represent the United States in this matter. And I think that that lifeline ought to be yanked back. I don't think it's appropriate here. Okay. Then where do you get the no amendment rule? That's what I'm trying to figure out. So people file stuff all the time. They file complaints all the time that are wrong. They sue the wrong party. They say that they are the wrong party. They have jurisdictional statements that are wrong. And then they amend them. Where do you get, where is the principle that this amended complaint doesn't do anything? Well, because the original complaint. So first of all, in our system, amended complaints and original complaints are distinct and different things. You've got Rule 8, Federal Rules of Civil Procedure for originals. Amended complaints, Rule 15. If you want to amend and have something relate back, that's 15C. So a relation back is a statute of limitations issue. And the district court didn't dismiss this on statute of limitations ground, right? That is correct, Your Honor. So we don't have to address the statute of limitations. I think it's very important here, though. One is a concept. Maybe you can move to dismiss it based on statute of limitations. But I guess that's what I'm trying to figure out is what, cite me something, somewhere that says, if I file a sheet of paper in the district court labeled complaint, and it's wrong, that it can't be amended to make it right. Eighth Circuit, Jones v. Correctional Medicine. Okay, the Eighth Circuit case relies on Arkansas law. Why would we rely on Arkansas law? It found Arkansas law persuasive, Your Honor. Yeah, why would we find Arkansas law from the 1980s persuasive? I'd like to, that's exactly what I want to talk about. And can I set the stage, though? Because I think it's important. Posture is important. So, Mr. Arelli, the Bivens claim accrues statute of limitations is two years. Mr. Arelli files his original complaint with a single Bivens claims one day before that statute expires. So we're not talking about a case where Judge Kugler says, Mr. Arelli, go get yourself a lawyer, and he doesn't do it, and Judge Kugler kicks the case. We're talking about a case where Judge Kugler. But see, that's the problem, though. If the rule, if the rule Judge Kugler is adopting wouldn't even allow that, right? Under Judge Kugler's rule, a judge couldn't say, go get a lawyer, file a new complaint, file an amended complaint. You know, if you don't get a lawyer within the next three months, I'm going to dismiss your complaint. Under Judge Kugler's rule, you actually cannot do that. Because as you say, if you're right, there's nothing to amend. The amended complaint is pointless. The whole thing is pointless. That's correct. Under your rule, you could have, like, you could have, he could have filed his initial complaint. The next day, a lawyer could have showed up, filed an amended complaint. They could have gone through discovery. They could have gone through trial. A jury could have come back, found for the plaintiff, and you still could have said, oh, that was all a nullity because the initial complaint was filed improperly, right? I mean, is there any difference between that and this? I don't think so. I think it's a double T, Your Honor. Okay, so where do you get that from? Jones v. Correctional Medical Services. Judge Kugler cited Alabama laws of state courts across the country. And in the larger principle that we cannot tolerate unauthorized practice of law. Counsel, counsel, you would agree, would you not, that the federal rules govern this proceeding because it's in federal court, not Alabama's rule? That's correct, Your Honor. Okay, and let me refine what I'm calling Judge Brasher's lifeline in case it doesn't work. I don't want to be held accountable for it. But here's the refinement. That works, and I'm attracted to that rule. I think it's a good one. That works only to the FTCA claims ultimately because the other claims, the statute will have run them. The difference is the FTCA claims, the statute got told while they were being exhausted, correct? Your Honor, the statute for the FTC, I'm not sure about the tolling, Your Honor. I'm sorry. Yeah. Well, I thought that was the deal. I thought while he was exhausting those claims with the government, the statute was told. And as a result, the complaint was filed the day before the statute ran on the FTCA. Am I wrong? That's correct, Your Honor. He had six months from the deadline to exhaust or the time that the government declined his administrative claim to file his FTCA claim. And he did that on the day the statute of limitations ran through counsel. Yes, sir. I would have run it and not filed it. Yeah, so the FTCA claims may be saved by the lifeline. The other ones you're going to argue statute of limitations if you get there. At the risk of drawing fire, I would say the FTCA claims are not saved by the lifeline either, Your Honor. They're part of an amended complaint that's amending a nullity. I understand. I'm talking about the statute of limitations. They are saved from the statute of limitations. Are they not? I mean, they either get told while the government requires exhaustion and you can't make somebody file a claim and say it's viable and ready to go before you exhaust. I thought it was universally accepted that while the exhaustion was pending, and I thought in this case, the government notified the plaintiff. It did. All right, we've exhausted your claim. You got 60 days to file it, whatever it was. That's correct, Your Honor. They did, and he filed the amended complaint containing the FTCA claims within the statute of limitations. Let me follow up another one of Judge Brash's questions. This nullness and voidness doctrine, that's just a conclusion. We're slapping on the result, is it not? I don't believe so, Your Honor. Well, there's no null and void statute, is there? No, sir. It says the following pleadings are null and void. That's correct. I understand what Your Honor is saying. Yes, that's the word. And there's no court rule that says the following proceedings are null and void. That's correct, Your Honor. So we're just using that term to say you can't do it. Yes, Your Honor, and over the years, this court has called it ineffective. This was not effective in dismissing similar non-attorney pro se pleadings. Yeah, but they haven't done it because of some null and void rule. They're just saying it's ineffective or null and void for the following reason. And what Judge Brash and I, I think, have been trying to get to is where's that reason? Where's the source of that reason that says you can't do it, therefore, we're going to call it null and void? The source of the reason is effectively federal common law over decades saying that the unauthorized practice of law simply cannot be tolerated on behalf of other third parties. You can represent yourself in your own case, but you can't do it, you can't represent somebody else if you're a non-attorney. Yeah, but that common law doesn't say, and if you file something and later correct it with a lawyer, we're not going to count it. Does it? The closest is Jones v. Correctional Medical Services, sir, where the court said this is not, this is unauthorized practice of law and it is not an amendable defect. And I think that's the rule this court should adopt. I don't think we want to create a rule where we devolve into a sort of a cottage industry of litigation where courts are trying to figure out who knew what and when and did they have a good excuse for the unauthorized practice of law. And more important than that, these beneficiaries and creditors this non-attorney was representing, the nullity rule should be attracted to this court because it says that that complaint filed by that non-attorney on behalf of others is null and therefore never had any legal validity. They never took a position in there that could ever be a good one. It can't be held against them for liability purposes. It can't be held against them if they take a contrary position in another. So the district courts that have been confronted all along with situations where, as Judge Brasher noted, the president of a company tries to represent the company and then the district court says you can't do that, you can't represent the corporation, you need to go get a lawyer, you have three months to do so. District courts that have been doing that all the time, they have been incorrectly doing that. They should have said that initial complaint is a nullity. I would argue they should. I understand the approach of go get yourself a lawyer and refile. But I think that if that complaint, that unauthorized practice of law is out there and it is binding and affecting the rights of other people, third parties, that's a real problem. How is it affecting, in this case, how is it affecting the rights of the third parties when there were no answers that were filed? Yes, there was passage of time. We had, I think, eight months from the time that the district court noticed the issue and started exploring what to do about it. And the delay, quite frankly, was on the district court. Why in this — where is there prejudice in this case? In this case, we don't know anything about those other parties, Your Honor, so I can't speak to whether any of them individually were prejudiced. But a rule that allows this, you know, the unauthorized practice of law to stand, even for a little while, if nobody meant any harm, is going to create problems. Imagine one of those third parties is litigating in another case and takes a contrary litigation position. Now they're looking at a judicial estoppel argument, potentially. They're looking at sanctions or charges of frivolousness. That's the problem. I think when we start — when a non-attorney starts binding other people besides herself in these complaints, if they're not nullities, if they're okay for a little while, I think we could run into serious problems and people could get hurt. What do you do with the proposition that it's very strange that I could file a complaint in federal court against Judge Carnes and say, we're both citizens of Alabama and I'm bringing this complaint under state law for breach of contract and it's only $10,000, and then I could amend it and add a federal claim? You know, there wouldn't be subject matter jurisdiction under my original complaint, but then I go back and I amend it to add a federal claim and now the district court has subject matter jurisdiction over everything. Why is it that you'd be able to do that but not amend this? Because I don't — because the unauthorized practice of law — and I'm going back to Jones. I'm retreating to Jones again. It's not an amendable defect. Yeah, but I guess why — what's the — it seems — and maybe this is just federal judge thinking, but I mean it just seems like federal court subject matter jurisdiction is like the most important thing, and then who is filing stuff is not as important as that. It just seems odd to me that we would say, oh, you can totally fix problems with federal subject matter jurisdiction. You can go back and, you know, add claims that would create federal subject matter jurisdiction, fix allegations about federal subject matter jurisdiction, and those complaints aren't a nullity that you can't amend, but this one is. What's the reason for that? I think it's critical to have the policy of not allowing a non-attorney to ever represent anybody else besides himself. I think people's rights could be hurt, and I think that should carry the day here, Your Honor. But that's different, saying that he — that Mr. Areal should not be allowed to represent the estate is a different rule than, and if he does so and files a complaint, that complaint is a nullity. Yes, Your Honor. There's the problem, and there's what to do about it. Correct. And the what to do about it, I think they're inextricably intertwined, though, because the what to do — this is a very serious problem. We don't ever want this, and so what to do about it is not to tolerate it under any circumstances ever. Well, I think they're only inextricably intertwined because you want us to answer your way for both questions. I don't know that those are truly inextricably intertwined. I will retreat and say they are heavily related, and I do want you to answer my way, but it's more than the government here. It really is people being bound by a non-attorney's mistakes or unscrupulousness. If you go back and look at the cases in the government's brief, the courts have wrestled and been troubled by that prospect for years. But how — again, I think you're conflating the two issues that you're talking about. How are people harmed and prejudiced by somebody proceeding pro se when they shouldn't be if the court says, okay, you actually need to go get a lawyer, and you have this short period of time to do that? Where does the problem come in? Well, and I think those cases are distinguishable from this one because those courts are at least able to look in there and look at the lay of the land and go, okay, here's what you need to do to fix this. I've got some power to control litigation. Now, I still maintain that that complaint is a nullity. Maybe there's a way the court can work with new counsel to get that corrected. This is a more historical case. Judge Kugler, the statute ran. He files the day before the statute runs, as Bivens claims. It runs. The district court becomes aware of this because, you know, lo and behold, he's a non-attorney and there are service problems. People have not been served within the time limits. And so the court keys in, learns that it's an estate, and is looking now at this thing that was filed just before the statute of limitations ran as a historical matter. What is this? It's the unauthorized practice of law. What does that mean? So it's two different postures from the cases Your Honor has been talking about where the court notices during the litigation, I assume before the statute of limitations. But, see, that's the thing. Just the timing is different. I mean, here, if Judge Kugler had just noticed this issue the day after the complaint had been filed, you're suggesting, oh, he could have just said, you know, you need to get a lawyer to, I guess, do exactly what the lawyer did, file a complaint that has a lawyer's signature on it. Why would the rule be different? I mean, that's what they did, you know. They did it without Judge Kugler telling them to do it. That's why I'm having trouble figuring this out. Well, I mean, in this case, Judge Kugler reached out to the estate, said you need to answer some questions. But that was after the lawyer showed up, right? I believe the – Your Honor, I'm not sure about that. Let me ask you that. I just want – before you sit down, I want you to address this. So, in a case called Palazzo, P-A-L-L-A-Z-Z-O, we affirmed a district court who dismissed, just like Judge Kugler did, a plaintiff who had filed, very similar, filed on behalf of somebody else. There, the district court said, if you don't get a lawyer within, I think it was 30 days, I'm going to dismiss. And we affirmed that and said that's appropriate. How is that – how is our case in Palazzo – how would that even let us follow the Eighth Circuit if we wanted to, given that we've said that was an appropriate thing for the district court to have done? How could we say that we're going to follow the Eighth Circuit and that the complaint in that case was just a nullity in the district court? What do you say about that? Well, I think Palazzo would be distinguishable, again, you're dealing with a corporate litigation. But I don't think it's mutually exclusive of what I'm asking the court to do here because Judge Kugler was looking back at this historically. I'm not sure about – I don't know that the statute of limitations was a problem in Palazzo. Well, but he didn't dismiss for the statute of limitations though, right? A dismiss with the statute of limitations would be with prejudice. That's correct, Your Honor. Right. He dismissed for the reason – he dismissed without prejudice. That's correct. With – and then they could theoretically refile. And I think that's two important things here. They wanted to add another factor in here to save the case. We've got two. We've got the statute of limitations. He had two years. After the statute of limitations runs, the prejudice starts to factor over to the defendants because too much time has gone by. So that's – statute of limitations is a critical concept. And then there's another one, another potential fix in equitable tolling. So there are already mechanisms in place for these cases to save these cases as they need to be saved for reasons. I don't think we need to create a rule that makes another one, gives them another mechanism to try to save a case that's been filed through the unauthorized practice of law and that the statute of limitations is run on. You just said something about when you were distinguishing Palazzo and you said that that was a representation of a corporation. Are you trying to suggest that there are different rules that would apply in the pro se representation of an estate? No, Your Honor, no. I am advocating for the simplest rules. When this non-attorney representation occurs, you're talking about an unauthorized practice of law, an annulity. It did come up in the IFC case. Plaintiffs cited. And the court there did this – I'm going to say squishier. I know it's not the most formal term – balancing test. The Seventh Circuit did there. And that was a corporation case. But a huge premise of its ruling was that these are corporations. We're not going to see a flood of corporate non-attorney litigation because corporations are going to think rationally and they're not going to come into court without a skilled advocate or they'll get creamed by the other side. That is not true of estate litigation. There is a distinguishing fact. If you look at the briefs, we have non-attorney representation. Counsel, I don't understand. You answered no. You're not asking for different rules and then you're arguing for different rules? I'm arguing that the non-attorney – Pick one. Yes or no. No, I don't think there should be different rules for non-attorney representation. Okay. Then it doesn't matter that corporations are a different circumstance. The same rule applies to everybody. Yes, sir. I agree. All right. Which makes the Palazzo case a problem for you. Let me ask you this. I've kind of listened to your arguments about it. I seem to have lost the thread of your answer to just looking at the FTCA. Forget about the others, four or five, whatever it was. Just the FTCA, two claims. Now, why are those null and void? I mean, why do they go down the null and void drain? Because they were part of an amended complaint. It's amending an original complaint. So you would have this case turn on the fact that he put one word in front of complaint. I would have it turn on what I would characterize as a different fact, Your Honor. But yes, the fact that it's— Well, no. I mean, if—all right. Let me put it this way. If he hadn't written amended in front of the word complaint, would the FTCA claims be okay and be rescued from the null and void drain? If they had been brought in a separate case, yes, sir. Well, why a separate case? The first case you've told us is null and void. It doesn't exist. It's as though it never was. So there is no case to separate the FTCA claims case from the previous case. It doesn't exist. You can't have it both ways. Yes, sir. I guess what I'm arguing is that that first complaint in this case is a nullity. And so any amended— Okay. Then that means it doesn't exist, right, in the eyes of the law. Yes, sir. Okay. So where do you view the FTCA claims in the, quote, amended, end of quote, complaint as though it was the first complaint because there's no complaint before it? It's the complaint that dare not speak its name, right? It's more of an original complaint, zero. Amended complaint is one times zero. It's amending a nullity, and therefore, there was nothing to amend, so it's all a zero, Your Honor. So you would have us throw this estate out of court forever because the word amended was put in the title of the pleading that otherwise would have survived. Your Honor, the dismissal was without prejudice, and I think this court should affirm that, and then they're going to have to take stock of their options, which could include an equitable tolling argument, certainly. Yeah. Have you ever heard of Philip Howard's book, The Death of Common Sense? No, sir. I haven't heard of it. I would recommend it to you. I don't say that in a caustic or sarcastic way. It's just a good treatment, universal treatment of the idea that we have hard rules, and we must apply hard rules or civilization as we know it ends as opposed to using common sense and applying the rules. I think this is a paradigm case for that, and that's not got a question mark at the end of it. Excuse me for editorializing. Book recommendation, Your Honor. I do. I have one way over. I am happy to keep answering questions, and if not, I would just leave this court with, please look at Timpson v. Sampson, cite it in the briefs. Nice, clear application. It doesn't get into some of the issues, but it's nice as it discusses the rule cleanly. And two concepts, statute of limitations, and then there's equitable tolling, and that's why these things are in place. They're in place to save cases like this if they should be saved, but we shouldn't create another test here as well. Thank you very much. Thank you, Mr. Borton. Mr. Jackson, you have five minutes for rebuttal. This is one of those cases, Mr. Jackson, in which we ought to ask you if you want to try to snatch defeat out of the jaws of victory. I understand, Your Honor, and I'm going to keep this short. I just want to point out the fact that in Franklin v. Garden State, which the United States relied on in their briefing, in that case, the court also allowed time for the parties to get counsel. But when they did not get counsel in that allotted time, that's when they decided to dismiss it. Same with Richard v. Brick, where Judge Joe Flack gave his dissenting opinion. In that case, the court also gave the opportunity to the pro se litigants multiple times to find counsel before dismissing the case. But again, they didn't do so after that time, and then it was dismissed. The same is true for other courts in this district. For example, in the Middle District and the Northern District of Florida, in Vincas Court v. Facebook and Moorish People v. Detzner, again, that's a 2019 and a 2020 case. They also gave them time to cure this defect so that the case wouldn't be dismissed and so that those people would have their claims forever barred. Those are cases that are ongoing that were within this district where the courts have said that it's okay to do so. But in the underlying action, we didn't receive such a courtesy. Instead, ultimately, after I had appeared as representative for the estate and cured any issues, filed the new amended complaint with the FTCA claims and the new defendant, some two or three months after that fact is when the case was dismissed and as it stands right now, forever barred from being heard. I ask this Court, again, to reverse remand the lower court's decision and make clear that there shouldn't be a hard and fast rigidity to the null and void rule. There's exceptions to every case, and in this case, it's a perfect example where exceptions should have been made. Thank you. Thank you. Thank you both. We have your case under advisement.